UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAH JEAN MARKEL,

        Plaintiff,                      CIVIL ACTION NO. 13-11196

        v.                               DISTRICT JUDGE JOHN CORBETT O'MEARA

                                              MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 9, 10)**

Plaintiff Tarah Jean Markel challenges the Commissioner of Social Security's ("the Commissioner") final denial of her benefits application. Cross motions for summary judgment are pending (Dkt. Nos. 9, 10). Judge John Corbett O'Meara referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. No. 2).

**I.    RECOMMENDATION**

Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

**II.    DISCUSSION**

    *A.    Framework for Disability Determinations*

Under the Social Security Act, (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as

the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

  **B.**  *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has

failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses") (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of

-3-

evidence submitted by a party") (internal quotation marks omitted). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant").

### III.    REPORT

#### A.    *Administrative Proceedings*

Plaintiff applied for disability insurance benefits on July 8, 2010, alleging she became disabled on July 30, 2008 (Tr. 33). After the Commissioner initially denied Plaintiff's application, she appeared with counsel for a hearing before ALJ Jessica Inouye, who considered the case *de novo*. In a written decision, the ALJ found Plaintiff was not disabled (Tr. 33-43). Plaintiff requested an Appeals Council review (Tr. 28). On January 18, 2013, the ALJ's findings became the Commissioner's final administrative decision when the Appeals Council declined further review (Tr. 1-4).

#### B.    *ALJ Findings*

The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that she had not engaged in substantial gainful activity since her alleged onset date in July of 2008 (Tr. 35).

At step two, the ALJ found that Plaintiff had the following "severe" impairments: degenerative disc disease,[1] degenerative joint disease, headaches, obesity, post-traumatic stress disorder, and depression (Tr. 35).

---

[1] "Degenerative disc disease is not really a disease but a term used to describe the normal changes of the discs in the spine as a person ages. The breakdown of the discs can result in back or neck pain, as well as osteoarthritis, herniated disc, or spinal stenosis." *See* http://www.webmd.com/hw-popup/degenerative-disc-disease (last visited September 26, 2013).

-4-

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listings in the regulations (Tr. 36).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> sedentary work[2] . . . except that she requires a sit/stand option (option means [Plaintiff] could sit/stand at will while performing her assigned duties). She can stand for up to 20 minutes at a time and walk for up to 15 minutes at a time (with normal breaks) for a total of [four] hours in an [eight]-hour workday. She can sit for up to 20 minutes at a time (with normal breaks) for a total of [four] hours in an [eight]-hour workday. She should avoid concentrated exposure to unprotected heights, moving machinery, and vibrations. She can occasionally balance, crouch, kneel, crawl, and climb ramps and stairs. She should not stoop or climb ladders, ropes, or scaffolds. Finally, her work should be non-production paced, simple, unskilled, with a[] [specific vocational preparation ("SVP") time] of 1 or 2.[3]

(Tr. 37).

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a surgical technician or general clerk (Tr. 41).

At step five, the ALJ found Plaintiff was not disabled, because she could perform a significant number of jobs available in the national economy such as parking lot attendant, production worker, or inspector (Tr. 42).

### C.      *Plaintiff's Claim of Error*

Plaintiff's brief consists mainly of legal citations and unsubstantiated arguments. This Magistrate Judge deems these "arguments" waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96

---

[2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[3]"[U]nskilled work corresponds to an SVP of 1-2." SSR 00-4p.

(6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

Plaintiff does, however, make one substantiated argument. In her brief, Plaintiff states that she:

> testified at the hearing that she was not able to sit for longer than 20 minutes, stand for longer than 15-20 minutes, and walk for longer than 15 to 30 minutes at a time due to pain. Additionally, because of the pain, she is not able to sleep.[4] As a result, [Plaintiff] is required to take a lot of medication.[5]

(Dkt. No. 9 at p. 10) (citations to the record omitted). Plaintiff argues that the ALJ erred by not finding her testimony credible, and in turn, presented a hypothetical question to the VE that did not accurately describe her limitations. According to Plaintiff, the ALJ's determination is not supported by substantial evidence. *Parley v. Sec'y of HHS*, 820 F.2d 777, 779-80 (6th Cir. 1987) (substantial evidence may be shown through reliance on a VE's testimony in response to a hypothetical question, as long as the question accurately describes Plaintiff's physical and mental impairments and takes Plaintiff's limitations into account).

Contrary to Plaintiff's argument, the ALJ credited her testimony with respect to her ability to sit, stand, and walk: "[t]he sitting, standing, and walking limitations in the [RFC] are . . . consistent with [Plaintiff's] assertion that she can sit for 20 minutes, stand for 15 to 20 minutes, and walk for 15 to 30 minutes at a time (Testimony)" (Tr. 41). The hypothetical question to the

---

[4]The fact that Plaintiff cannot sleep does not mean she cannot work.

[5]Plaintiff testified that her medications included Effexor, Ativan, and Gabapentin for back pain; and, Vicodin, Motrin, and Ambien for her sleep problems (Tr. 61).

VE not only incorporated Plaintiff's testimony with respect to her ability to sit, stand, and walk, but also included a sit/stand option:

> This individual could perform work in the sedentary range with a sit, stand option, sit, stand option means the individual could sit or stand at will while performing the assigned duties. This individual could stand up to 20 minutes at a time and walk for up to 15 minutes at a time with normal breaks for a total of four hours in an eight hour work day[sic]. This individual could sit for up to 20 minutes at a time and with normal breaks for a total of four hours in an eight hour work day[sic].

(Tr. 74-75). The ALJ's RFC determination mirrored the hypothetical question (Tr. 37). And, Plaintiff does not contest the ALJ's RFC determination.

Notably, Plaintiff testified that her medications make her feel lethargic, groggy, and "loopy" (Tr. 67). The ALJ accounted for Plaintiff's "grogginess" and "loopiness" by requiring that she avoid concentrated exposure to unprotected heights, moving machinery, and vibrations (Tr. 41).

There is no reason to disturb the ALJ's determination on appeal.

**IV.  CONCLUSION**

Because substantial evidence supports the ALJ's decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th

Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: September 27, 2013

### Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 27, 2013, by electronic and/or ordinary mail.

s/Eddrey Butts
*Case Manager for Magistrate Judge Mark A. Randon*